

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Mr. A. J. Riley
County Auditor, Van Zandt County
Canton, T e x a s

Dear Sir:

Opinion No. O-6357
Re: Can the money allocated
Van Zandt County from the
Board of County and District
Road Indebtedness be law-
fully placed in the Road
and Bridge Fund of said
county? And can said money
be used to pay obligations
of Van Zandt County for
machinery purchased dur-
ing 1944?

This opinion is in reply first to the question propounded in your letter of December 29, 1944, which reads as follows:

"On February 1, 1918, Road District No. 1, which is a portion of Van Zandt County, voted $300,000.00 in bonds. The Board of County and District Road Indebtedness has been participating in this issue for quite a number of years. Recently Van Zandt County filed a claim with the Board for additional participation and for cash payments. The Board approved our claim, giving us a nice raise in participation and sending us a check for several thousand dollars. Can this money lawfully, by order of the Commissioners Court, be placed in the Road and Bridge Fund of Van Zandt County?"

and also your letter of January 18, 1945, stating the purpose for which the county intended to use the money, as follows:

"We planned to use this money to retire an equal amount of outstanding obligations against Van Zandt County Road and Bridge Fund for machinery purchased during 1944."

This department requested certain information from the Board of County and District Road Indebtedness and in a letter

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Mr. A. J. Riley, page 2

dated January 16th, 1945, the Board furnished us the desired informa-
tion, the pertinent part being as follows:

"We recently approved a claim of Van Zandt
County for additional State Aid on their Road Dis-
trict No. 1 Bonds dated 2-1-18. In approving this
claim we also paid to the Lateral Road Account of
Van Zandt County $25,837.59 representing retroactive
payments due on that issue.

"On October 10, 1929 Van Zandt County voted to
purchase the roads of District No. 1 and issued Van
Zandt County Road Bonds, Series 'A' dated 10-10-29
to Road District No. 1 to compensate them for the
Road District No. 1 Bonds outstanding. For that
reason the above mentioned funds were credited to
the Lateral Road Account of Van Zandt County and not
to Road District No. 1.

"* * *

"The County's part of the requirements for this
fiscal year is $34,656.33, and as the credit to their
Lateral Road Account was not more than that amount,
the entire balance was credited to the sinking funds
of their County Lateral Road Bond issues in compli-
ance with Section 6, Sub-section 'H' of Senate Bill
No. 89."

The pertinent part of sub-section h, Section 6 of Chap-
ter 324, Acts 48th Legislature, Regular Session, 1943, reads as
follows:

"Funds remaining in the Lateral Road Fund of any
county, after the payment of said right-of-way obliga-
tions, shall be used by the county for paying the ma-
turing principal, interest, and sinking fund require-
ments, due by the county in that fiscal year on bonds,
warrants, or other evidences of indebtedness which were
legally issued by such county or road districts prior
to January 2, 1939, the proceeds of which were actually
expended in the construction or improvement of lateral
county roads. Payment to be made ratably upon the
principal and interest on the maturing road bond obli-
gations of said county for such fiscal years. Any
funds remaining in the Lateral Road Fund of any county

Mr. A. J. Riley, page 3

after the payment of said principal, interest, and
sinking fund requirements due or maturing in that
fiscal year on bonds or warrants which were legally
issued by such county or road district prior to
January 2, 1939, the proceeds of which were actually
expended in the construction or improvement of lateral
county roads,may be used by the county under direction
of the Commissioners Court for any one or all of the
following purposes: (a) for the acquisition of right-
of-ways for county lateral roads and for the payment
of legal obligations incurred therefor prior to January
2, 1939; (b) for the construction or improvement of
county lateral roads; (c) for the purpose of supple-
menting funds appropriated by the United States Govern-
ment for Works Progress Administration highway con-
struction, and such other grants of Federal Funds as
may be made available to the counties of this state
for county lateral road construction; and (d) for the
purposes of cooperating with the State Highway De-
partment and the Federal Government in the construction
of farm-to-market roads. "

We think it necessary first to analyze and set out in
detail the purposes for which the money in the Lateral Road Fund
may be expended by a county:

(1) The first money allocated to a county must be used
to pay the principal, interest and sinking fund requirements of
bonds and warrants issued prior to January 2, 1939, that were
"actually expended in acquiring rights-of-way for State designated
highways."

(2) Any money remaining in said fund after require-
ment (1) has been met, must be used to pay the principal, interest
and sinking fund requirements due by the county in that fiscal
year, which were issued by the county prior to January 2, 1939,
and which were used for the construction and improvement of
county lateral roads.

According to the information furnished by the Board of
County and District Road Indebtedness, said Board allowed Van
Zandt County $23,837.59; the county needed $34,656.33 to meet
the requirements numbered (1) and (2) above. The Board stated
that they had credited the entire amount to the sinking funds
of their County Lateral Road Bond issues for the purposes set
out above as (1) and (2).

It is our opinion that the requirements set out above as (1) and (2) are mandatory and the action of the Board in the matter was correct, and Van Zandt County, therefore, does not have a balance remaining in the Lateral Road Fund to be used for any purpose.

We now answer the question as to whether Van Zandt County may lawfully place funds of the Lateral Road Fund in the County Road and Bridge Fund. We have been unable to find any specific provision in Chapter 324, except the following:

"In the event that the funds so received by the county from the Lateral Road Account are in excess of the amount required to meet the principal and interest of its maturing road bond obligations for the next fiscal year, the Commissioners Court may elect to use such excess money allocated to it from the Lateral Road Account, and in such event, it shall notify, in writing, the said Board, of its election to make use of said money. Whereupon, said Board shall remit said balance to be utilized for such purpose to the County Treasurer of such county, said money to be deposited by the County Treasurer in accordance with law, and the same shall be utilized by the county, acting through the Commissioners Court, for the construction of lateral roads. * * *"

The above provision is indefinite and of little help in answering the question; however, in other parts of the Act we find reference made to the term "Lateral Road Account" or "Lateral Road Fund." At page 501 of Chapter 324, we find the following:

"* * * the Board shall credit the Lateral Road Account of each county or defined road district with the net balance contributed by such county or road district toward the retirement of said eligible obligations, and said funds so credited to any county or defined road district may be used or expended by the counties and defined road districts for the purposes authorized in this Section. * * *"

Section 9 of the Act makes it a felony for the county judge or county commissioners to use any of the money in the Lateral Road Account for any purposes other than those authorized by this Act. Taking the provisions of the Act as a whole, and the fact that penal provision is made for misappropriation of the funds, we are of the opinion that the Legislature did not intend that the money

Mr. A. J. Riley, page 5

appropriated under the Act to be used by the Commissioners' Courts in their discretion for the four purposes, listed as (a), (b), (c) and (d) on page 502 of the printed Act, should be co-mingled with the county's separate funds. We are, therefore, of the opinion that the money appropriated to the counties under said Act cannot be paid into the County Road and Bridge Fund, but construing the Act as a whole, and taking into consideration also public policy, we think the funds allocated by the Board of County and District Indebtedness should be kept in a separate fund by the county.

In your letter of January 18, 1945, you state that Van Zandt County plans to use the money received from the Board of County and District Road Indebtedness to pay outstanding obligations against Van Zandt County Road and Bridge Fund for machinery purchased in 1944. The Act is plain and authorizes only obligations issued prior to January 2, 1939 to participate in the Lateral Road Account. Therefore any obligation incurred in 1944 cannot participate in said funds.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      R. J. Long
              Assistant

RJL:ep

APPROVED JAN 31 1945

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY [BWB]
CHAIRMAN